Michael D. O'Mara
Julie M. Murphy
Daniel M. Pereira
**Stradley, Ronon, Stevens & Young LLP**
457 Haddonfield Road, Suite 100
Cherry Hill, New Jersey 08002
Telephone:  (856) 321-2400
Facsimile:  (856) 321-2415

Email:  momara@stradley.com
         jmmurphy@stradley.com
         dpereira@stradley.com


        -and-

Lawrence G. McMichael (admitted *pro hac vice*)
**Dilworth Paxson LLP**
1650 Market Street, Suite 1200
Philadelphia, Pennsylvania 19103A 19102
Telephone:  (215) 575-7000
Facsimile:  (215) 575-7200
Email:  lmcmichael@dilworthlaw.com

Scott J. Freedman
**Dilworth Paxson LLP**
457 Haddonfield Road, Suite 700
Cherry Hill, New Jersey 08002
Telephone:  (856) 675-1962
Facsimile:  (856) 249-5098

Email:  sfreedman@dilworthlaw.com

*Counsel for Appellant, Paulsboro Waterfront Development, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>EEW AMERICAN OFFSHORE STRUCTURES INC., *et al.*,<br><br>Debtors.[1] | Case No. 26-13901 (JNP)<br><br>Chapter 11<br><br>Honorable Jerold N. Poslusny, Jr.<br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of their federal tax identification number are EEW American Offshore Structures Inc. (0270) and EEW AOS Paulsboro Urban Renewal, LLC (3844).  Each of the Debtor's mailing address is 100 Offshore Drive, Paulsboro, New Jersey 08066.

#125641263v1

## NOTICE OF APPEAL

Paulsboro Waterfront Development, LLC hereby respectfully appeals, under 28 U.S.C § 158(a), the Bankruptcy Court's May 7, 2026, *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing and (VII) Granting Related Relief* [Docket No. 73] (the "**Final DIP Order**"), a copy of which s attached hereto as Exhibit "A", to the United States District Court for the District of New Jersey.

The names of all parties to the Final DIP Order appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

Paulsboro Waterfront Development, LLC (Appellant)

Michael D. O'Mara
Julie M. Murphy
Daniel M. Pereira
**Stradley, Ronon, Stevens & Young LLP**
457 Haddonfield Road, Suite 100
Cherry Hill, New Jersey 08002
Telephone: (856) 321-2400

Lawrence G. McMichael (admitted *pro hac vice)*
Scott J. Freedman
**Dilworth Paxson LLP**
457Haddonfield Road, Suite 700
Cherry Hill, New Jersey 08002
Telephone: (856) 675-1962

EEW American Offshore Structures Inc. and EEW AOS Paulsboro Urban Renewal, LLC (Appellees)

Robert K. Malone
Brett S. Theisen
Katharina Earle (admitted *pro hac vice*)
Kyle P. McEvilly
Amanda R. Simone
**Connell Foley LLP**
56 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 535-0500

*Proposed Counsel for Appellees*

Dated:   May 20, 2026

/s/ Daniel M. Pereira
Michael D. O'Mara
Julie M. Murphy
Daniel M. Pereira
**Stradley, Ronon, Stevens & Young LLP**
457 Haddonfield Road, Suite 100
Cherry Hill, New Jersey 08002
Telephone: (856) 321-2400

-and-

/s/ Scott J. Freedman
Lawrence G. McMichael (admitted *pro hac vice*)
Scott J. Freedman
**Dilworth Paxson LLP**
457 Haddonfield Road, Suite 700
Cherry Hill, New Jersey 08002
Telephone:  (856) 675-1962

*Attorneys for Paulsboro Waterfront Development LLC*

**EXHIBIT A**

**CONNELL FOLEY LLP**
Robert K. Malone
Brett S. Theisen
Katharina Earle (admitted *pro hac vice* )
Kyle P. McEvilly
Amanda R. Simone
56 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 535-0500
Email: rmalone@connellfoley.com
      btheisen@connellfoley.com
      kearle@connellfoley.com
      kmcevilly@connellfoley.com
      asimone@connellfoley.com

*Proposed Counsel for Debtors
and Debtors-in-Possession*



**Order Filed on May 7, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>EEW AMERICAN OFFSHORE STRUCTURES INC., *et al.*,<br><br>          Debtors.[1] | Case No.: 26-13901 (JNP)<br><br>Chapter 11<br><br>Judge: Jerrold N. Poslusny, Jr.<br><br>(Jointly Administered) |

### FINAL ORDER (I) AUTHORIZING THE
### DEBTORS TO OBTAIN POSTPETITION FINANCING,
### (II) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL,
### (III) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE
### CLAIMS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING THE
### AUTOMATIC STAY, AND (VI) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through forty-seven (47), is

**ORDERED**.

DATED: 5/7/2026

              Honorable Jerrold N. Poslusny, Jr.
              United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are EEW American Offshore Structures Inc. (0270) and EEW AOS Paulsboro Urban Renewal, LLC (3844). The Debtors' mailing address is 100 Offshore Drive, Paulsboro, New Jersey 08066.

Page 2

| | |
|---|---|
| Debtors: | EEW American Offshore Structures Inc., *et al*. |
| Case No.: | 26-13901 (JNP) |
| Caption: | Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief |

Upon the motion (the "Motion")[2] of EEW American Offshore Structures Inc. ("AOS") and EEW AOS Paulsboro Urban Renewal, LLC ("URE") (together, the "Debtors"), pursuant to sections 105, 361, 362, 363(b), 363(c)(2), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), 364(e), 503, 506(c) and 507 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code"), Rules 2002, 4001, 6003, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 4001-1, 4001-3, 9013-1, 9013-2, 9013-3, and 9013-4 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), seeking entry of the Interim Order (as defined herein) and this final order (this "Final Order") (and, together with the Interim Order, the "DIP Orders"), among other things:

    (a)    authorizing the Debtors to enter into the DIP Facility on the terms and conditions set forth in the DIP Credit Agreement;

    (b)    authorizing the Debtors, subject to satisfaction (or waiver) of all applicable terms and conditions precedent under the DIP Documents (as defined below) in accordance therewith:

        (i)    to incur Loans in an aggregate new money principal amount not to exceed $3.25 million (plus the Interim Rolled-Up Loan) upon entry of the Interim Order; and

        (ii)    to incur Loans in an aggregate new money principal amount not to exceed $3.25 million (plus the Final Rolled-Up Loan) upon entry of the Final Order (collectively, the "DIP Loans");

    (c)    authorizing the Debtors, to (i) enter into, execute, and deliver the DIP Credit Agreement and any additional documentation governing the DIP Facility consistent with the terms of (or as may be required by) the DIP Credit

---

[2] Capitalized terms used and not defined herein are given the meaning ascribed to them in the Motion or DIP Documents, as applicable.

Page 3

| | |
|---|---|
| Debtors: | EEW American Offshore Structures Inc., *et al*. |
| Case No.: | 26-13901 (JNP) |
| Caption: | Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief |

Agreement (the DIP Credit Agreement, collectively with the Interim Order, the Final Order, the Budget, and any other document delivered to the DIP Lender in connection with any of the foregoing, in each case, as the same may be amended, restated, or otherwise modified from time to time in accordance with the terms of the Interim Order, the Final Order and the DIP Credit Agreement, are referred to herein as the "DIP Documents"); and (ii) to perform such other and further acts as may be necessary or appropriate in connection therewith, or otherwise required under the DIP Documents;

(d) granting valid, binding, continuing, enforceable, and automatically perfected (i) security interests in and liens on all of the Collateral (as defined in the DIP Credit Agreement, and referred to herein as the "DIP Collateral") to the DIP Lender, and (ii) granting superpriority administrative expense status to all principal, interest, and other charges at any time payable by the Debtors to the DIP Lender in connection with the DIP Documents, all reimbursement obligations, and all other indebtedness and obligations contemplated under any of the DIP Documents (all of the foregoing being collectively called the "DIP Obligations"), in each case subject to the Carve Out;

(e) subject to the restrictions set forth in the DIP Documents and the DIP Orders, authorizing the Debtors to use Prepetition Collateral and provide adequate protection to the Prepetition Secured Lender for any diminution in value of its respective interests in the applicable Prepetition Collateral (including Cash Collateral) as set forth in the DIP Orders;

(f) authorizing the Debtors to pay the principal, interest and other amounts payable under the DIP Documents as and when such amounts become due and payable without other or further notice or order;

(g) modifying the automatic stay imposed under section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms of the Interim Order, the Final Order and the other DIP Documents;

(h) waiving the Debtors' ability to surcharge against any DIP Collateral pursuant to section 506(c) of the Bankruptcy Code;

(i) waiving any applicable stay with respect to the effectiveness and enforceability of the Interim Order and the Final Order (including under Bankruptcy Rule 6004);

Page 4
Debtors:    EEW American Offshore Structures Inc., *et al*.
Case No.:   26-13901 (JNP)
Caption:    Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief

(j)    scheduling a final hearing (the "Final Hearing") to consider the relief requested herein on a final basis and approving the form of notice with respect to the Final Hearing; and

(k)    granting the Debtors such other and further relief as is just and proper.

The Court having considered the relief requested in the Motion, the exhibits attached thereto, the *Declaration of Tom Pratt in Support of Debtors' Chapter 11 Petitions and First Day Motions* and the *Supplemental Declaration of Tom Pratt in Support of Debtor in Possession Financing* (together, the "Declarations"), and the evidence submitted and arguments made at the hearing held on April 14, 2026 (the "Interim Hearing") and the final hearing held on April 30, 2026 (the "Final Hearing" and, together with the Interim Hearing, the "Hearings"); and notice of the Hearings having been given in accordance with Bankruptcy Rules 2002 and 4001(b)-(d), and all applicable Bankruptcy Local Rules; and the Court having entered the Interim Order; and the Hearings having been concluded; and all objections, if any, to the Motion having been withdrawn, resolved or overruled by the Court; and it appearing that approval of the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, otherwise is fair and reasonable, in the best interests of the Debtors and their estates, and essential for the continued operation of the Debtors' businesses and the preservation of the value of the Debtors' estates; and it appearing that the Debtors' entry into the DIP Documents is a sound and prudent exercise of the Debtors' business judgment; and after due deliberation and consideration, and good and sufficient cause appearing therefor.

Page 5
Debtors:      EEW American Offshore Structures Inc., *et al*.
Case No.:     26-13901 (JNP)
Caption:      Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
              the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
              Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
              and (VI) Granting Related Relief

**BASED UPON THE RECORD ESTABLISHED AT THE HEARINGS, THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:[3]**

A.      *Petition Date*. On April 8, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

B.      *Interim Order*. On April 17, 2026, the Court entered the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting the Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a final Hearing and (VII) Granting Related Relief* [ECF No. 36] (the "Interim Order"), authorizing the Debtors to, among other things, obtain post-petition financing on an interim basis in the total amount of $500,000, plus the Incremental Interim Rolled-Up Loans (as defined in the Interim Order), as set forth in the Interim Order

C.      *Debtors in Possession*. The Debtors have continued in the management and operation of their businesses and properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

D.      *Jurisdiction and Venue*. This Court has core jurisdiction over the Chapter 11 Cases, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(a)–(b) and

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Page 6
Debtors:        EEW American Offshore Structures Inc., *et al*.
Case No.:       26-13901 (JNP)
Caption:        Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief

the *Standing Order of Reference* from the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 and June 6, 2025. Consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court may enter a final order approving the relief sought in the Motion consistent with Article III of the United States Constitution. Venue for these cases and proceedings on the Motion is proper before this Court pursuant to 28 U.S.C. § 1408. The predicates for the relief sought herein are sections 105, 345(b), 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), 364(e), 363(m), 503, 506(c) and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004 and 9014, and Local Rules 4001-1, 40013, 9013-1, 9013-2, 9013-3, and 9013-4.

E.      *Committee Formation*. As of the date hereof, the United States Trustee for the District of New Jersey (the "U.S. Trustee") has not appointed an official committee of unsecured creditors (the "Creditors' Committee") in these Chapter 11 Cases.

F.      *Notice*. The Hearings were held pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2). Notice of the Motion and the Hearings has been provided in accordance with the Bankruptcy Code, Bankruptcy Rules and Local Rules, and no other or further notice was required under the circumstances.

G.      *Cash Collateral*. As used herein, the term "Cash Collateral" shall mean all of the Debtors' cash, wherever located and held, including cash in deposit accounts, that constitutes or

Page 7
Debtors:      EEW American Offshore Structures Inc., *et al*.
Case No.:     26-13901 (JNP)
Caption:      Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief

will constitute "cash collateral" of either the Prepetition Secured Lender or the DIP Lender within the meaning of section 363(a) of the Bankruptcy Code.

H.      *Debtors' Stipulations*. Subject to the provisions and limitations contained in paragraph 17 hereof, and after consultation with their attorneys and financial advisors, the Debtors admit, stipulate and agree that:

(i)      *The Secured Promissory Note and Security Agreement*.  On March 20, 2026, the Debtors and DiScho Vermögensverwaltung GmbH & Co. KG (in its capacity as the Debtors' pre-petition secured lender, the "Prepetition Secured Lender") entered into a *Secured Promissory Note and Security Agreement*, with a total principal balance of up to $2.6 million (the "Prepetition Secured Note").  The Prepetition Secured Note was effectively a bridge-loan to provide the Debtors with the necessary liquidity to satisfy current operating expenses and prepare for the Chapter 11 Cases.  As of the Petition Date, the outstanding balance under the Prepetition Secured Note was approximately $900,857.01 (together with all other obligations under the Prepetition Secured Note, the "Prepetition Secured Note Obligations").

(ii)      *The Intercompany Term Loan Agreements*. On each of the dates set forth in the Motion, the Debtors and the Prepetition Secured Lender entered into an *Intercompany Term Loan Agreement* (collectively, the "Prepetition Intercompany Loans" and, together with the Prepetition Secured Note, the "Prepetition Debt Documents").  As of the Petition Date, the collective outstanding balance under the Prepetition Intercompany Loans was approximately $8,775,016.78 (together with all other obligations under the Prepetition Intercompany Loans, the

Page 8
Debtors:        EEW American Offshore Structures Inc., *et al*.
Case No.:       26-13901 (JNP)
Caption:        Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief

"Prepetition Intercompany Loan Obligations" and, together with the Prepetition Secured Note Obligations, the "Prepetition Secured Obligations").

(iii)    *Prepetition Secured Obligations*. As of the Petition Date, the Debtors were justly and lawfully indebted and liable to the Prepetition Secured Lender without defense, challenge, objection, claim, counterclaim, or offset of any kind, for Prepetition Secured Obligations in the aggregate amount of not less than $9,675,873.83, including accrued and unpaid interest thereon and any indemnities, and other obligations of whatever nature, whether or not contingent, whenever arising, accrued, accruing, due, owing or chargeable in respect of the Prepetition Secured Lender;

(iv)    *Validity of Prepetition Secured Obligations*. The Prepetition Secured Obligations constitute legal, valid, and binding obligations of the Debtors, as applicable, enforceable in accordance with the respective terms of the relevant documents, and no portion of the Prepetition Secured Obligations or any payment made to the Prepetition Secured Parties, or any amount applied or paid, on account of the Prepetition Secured Obligations prior to the Petition Date is subject to any contest, attack, rejection, recovery, reduction, defense, counterclaim, offset, subordination, recharacterization, avoidance or other claim (as such term is defined in the Bankruptcy Code), cause of action (including any avoidance actions under Chapter 5 of the Bankruptcy Code or otherwise), choses in action or other challenge of any nature under the Bankruptcy Code or any applicable non-bankruptcy law, subject only to the provisions of paragraph 17 hereof;

Page 9
Debtors:        EEW American Offshore Structures Inc., *et al.*
Case No.:       26-13901 (JNP)
Caption:        Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
                the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
                Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
                and (VI) Granting Related Relief

(v)    *Validity, Perfection and Priority of Prepetition Liens*. As of the Petition

Date, substantially all of the assets and property of the Prepetition Secured Lender, including Cash

Collateral, and all proceeds, products, accessions, rents, and profits thereof, in each case whether

then owned or existing or thereafter acquired or arising (collectively, the "Prepetition Collateral")

are subject to a security interest in and continuing lien on (the "Prepetition Liens") in favor of the

Prepetition Secured Lender;

(vi)    *Waiver of Challenge*. With respect to the Prepetition Liens, the Debtors

waive all contest, attack, rejection, recovery, reduction, defense, counterclaim, subordination,

recharacterization, avoidance or other cause of action (including any avoidance actions under

Chapter 5 of the Bankruptcy Code), choses in action or other challenge of any nature under the

Bankruptcy Code or any applicable non-bankruptcy law;

(vii)    *No Control*. The Debtors stipulate and the Court finds that in making

decisions to advance DIP Loans to the Debtors, in administering any DIP Loans, in accepting the

Approved Budget, or in taking any other actions permitted by the Interim Order and/or the other

DIP Documents in its capacity as DIP Lender, the DIP Secured Lender shall be deemed not to be

in control of the operations of the Debtors or to be acting as a "responsible person" or "owner or

operator" with respect to the operation or management of the Debtors by virtue of making the DIP

Loans;

(viii)    *No Claims or Causes of Action*. As of the Petition Date, there are no claims

or causes of action held by the Debtors or their estates against, or with respect to, the Prepetition

Page 10
Debtors:     EEW American Offshore Structures Inc., *et al*.
Case No.:    26-13901 (JNP)
Caption:     Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
             the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
             Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
             and (VI) Granting Related Relief

Secured Lender and each of their respective Representatives (as defined below), in each case, in their capacity as such, in connection with the Prepetition Secured Obligations; and

(ix)     *Release.* Each of the Debtors and (subject to the provisions of paragraph 17 hereof) each of their estates, on its own behalf and on behalf of its and their respective predecessors, successors, heirs, and past, present and future subsidiaries and assigns, hereby absolutely, unconditionally and irrevocably releases and forever discharges and acquits the DIP Lender and its respective Representatives, each in their capacity as such (collectively, the "Released Parties"), from any and all liability to the Debtors (and their successors and assigns) and from any and all claims, counterclaims, demands, defenses, offsets, debts, accounts, contracts, liabilities, actions and causes of action of any kind, nature and description, whether matured or unmatured, known or unknown, asserted or unasserted, foreseen or unforeseen, accrued or unaccrued, suspected or unsuspected, liquidated or unliquidated, pending or threatened, arising in law or equity, in contract or in tort, in each case, arising out of or related to the DIP Facility, the DIP Documents, the DIP Loan, the negotiation thereof and the transactions and agreements reflected thereby, that the Debtors at any time had, now have or may have, or that their predecessors, successors or assigns at any time had or hereafter may have against any of the Released Parties by reason of any act, omission, matter, or cause arising at any time on or prior to the date of this Final Order (collectively, the "Released Claims"); *provided* that the release set forth in this section shall not release any claims against or liabilities of a Released Party that a court of competent jurisdiction determines has resulted from such Released Party's bad faith, fraud, gross negligence or willful misconduct.

Page 11
Debtors:      EEW American Offshore Structures Inc., *et al*.
Case No.:     26-13901 (JNP)
Caption:      Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
              the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
              Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
              and (VI) Granting Related Relief

I.        Findings Regarding DIP Facility and Use of Cash Collateral.

(i)        Good and sufficient cause has been shown for the entry of the DIP Orders

and for authorizing the Debtors to obtain financing pursuant to the DIP Documents.

(ii)        The Debtors have demonstrated an immediate and critical need to obtain the

DIP Financing and to use of collateral provided in connection therewith (including Cash

Collateral) (the "Prepetition Collateral") in order to permit, among other things, the orderly

continuation of the operation of their businesses, maintaining business relationships, satisfying

other working capital and operational needs, and funding administrative expenses of these Chapter

11 Cases. Access to sufficient working capital and liquidity under the DIP Documents and other

financial accommodations provided under the DIP Documents, as well as through the use of Cash

Collateral, is necessary for the avoidance of immediate irreparable harm to the Debtors' estates

and for the preservation and maintenance of their going concern value.

(iii)        The Debtors are unable to obtain adequate unsecured credit allowable under

section 503(b)(1) of the Bankruptcy Code as an administrative expense or secured financing on

more favorable terms than under the DIP Documents and from sources other than the DIP Lender.

The Debtors are also unable to obtain secured credit without granting to the DIP Lender the DIP

Liens and the DIP Superpriority Claims and incurring the Adequate Protection Obligations (as

defined herein) on the terms and subject to the conditions set forth in the Interim Order, this Final

Order and in the DIP Documents.

(iv)        Any cash, rents, income, offspring, products, proceeds, and profits

generated by the Prepetition Collateral constitutes the Prepetition Secured Lender's Cash

Page 12
Debtors:       EEW American Offshore Structures Inc., *et al*.
Case No.:      26-13901 (JNP)
Caption:       Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
               the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
               Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
               and (VI) Granting Related Relief

Collateral under section 363(a) of the Bankruptcy Code. The Debtors desire and need to continue

using the Prepetition Secured Lender's Cash Collateral for general corporate purposes.

(v)     Based on the Motion, the Declarations and the record and argument

presented to the Court at the Hearings, the terms of the DIP Financing, the terms on which the

Debtors may continue to use Prepetition Collateral (including Cash Collateral) pursuant to the

Interim Order, this Final Order and the DIP Documents, and the terms of the adequate protection

granted to the Prepetition Secured Lender in paragraph 13 of this Final Order (the "Adequate

Protection") are consistent with the Bankruptcy Code, including section 506(b) thereof, are fair

and reasonable, and reflect the Debtors' exercise of prudent business judgment.

(vi)    The DIP Orders, the DIP Financing, the Adequate Protection, and the use

of the Prepetition Collateral (including Cash Collateral) have been negotiated in good faith and at

arm's length among the Debtors, the DIP Lender, and the Prepetition Secured Lender (each of

whom acted in good faith), and all of the loans and other financial accommodations extended by

the DIP Lender to the Debtors under, in respect of, or in connection with, the DIP Financing and

the DIP Documents shall be deemed to have been extended by the DIP Lender in good faith, as

that term is used in section 364(e) of the Bankruptcy Code and in express reliance upon the

protections offered by section 364(e) of the Bankruptcy Code. The DIP Lender (and its successors

and assigns) shall be entitled to the full protection of section 364(e) of the Bankruptcy Code to the

extent provided therein in the event that this Final Order or any provision hereof is vacated,

reversed or modified, on appeal or otherwise.

Page 13
Debtors:     EEW American Offshore Structures Inc., *et al*.
Case No.:    26-13901 (JNP)
Caption:     Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief

(vii)    The Prepetition Secured Lender has acted in good faith regarding the DIP Financing and the Debtors' continued use of the Prepetition Collateral (including Cash Collateral), and the Prepetition Secured Lender (and its respective successors and assigns) shall be entitled to the full protection of sections 363(m) and 364(e) of the Bankruptcy Code to the extent provided therein in the event that this Final Order or any provision hereof is vacated, reversed or modified, on appeal or otherwise.

(viii)    The Prepetition Secured Lender and the DIP Lender have acted in good faith and without negligence, misconduct, or violation of public policy or law, in respect of all actions taken by them in connection with or related in any way to negotiating, implementing, documenting, or obtaining requisite approvals of the DIP Orders, the DIP Facility and the use of Cash Collateral, including in respect of the granting of the DIP Liens and the Incremental Rolled-Up Loans (as defined herein), any challenges or objections to the DIP Facility or the use of Cash Collateral, the DIP Documents, and all other documents related to and all transactions contemplated by the foregoing. Accordingly, the Prepetition Secured Lender and the DIP Lender shall be and hereby are indemnified (as applicable) as provided in the Prepetition Secured Note, the Prepetition Intercompany Loans, and the DIP Documents, as applicable.

(ix)    Subject to the Challenge rights in paragraph 17 herein, the Prepetition Secured Lender is entitled to the Adequate Protection as and to the extent set forth herein pursuant to sections 361, 362, 363 and 364 of the Bankruptcy Code. Based on the Motion and on the record presented to the Court, the terms of the proposed Adequate Protection are fair and reasonable,

Page 14
Debtors:       EEW American Offshore Structures Inc., *et al*.
Case No.:     26-13901 (JNP)
Caption:      Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief

reflect the Debtors' prudent exercise of business judgment and constitute reasonably equivalent value and fair consideration for the use of Prepetition Collateral, including Cash Collateral.

(x)      To the extent its consent is required, the Prepetition Secured Lender has consented or is deemed to have consented to the use of Prepetition Collateral, including Cash Collateral, and the priming of the Prepetition Liens by the DIP Liens, in each case on the terms set forth in the Interim Order, this Final Order and the DIP Documents; *provided* that nothing in the Interim Order, this Final Order or the DIP Documents shall (x) be construed as the affirmative consent by the Prepetition Secured Lender for the use of Cash Collateral other than on the terms set forth in this Final Order and solely for the purposes set forth in the DIP Credit Agreement, (y) be construed as consent by any party to the terms of any financing or any other lien encumbering Prepetition Collateral (whether senior or junior) other than as contemplated by the Interim Order and/or this Final Order, or (z) prejudice, limit or otherwise impair the rights of the Prepetition Secured Lender to seek new, different or additional adequate protection or assert any other right, and the rights of any other party in interest, including the Debtors, to object to such relief are hereby preserved.

(xi)     The Debtors have prepared and delivered to the advisors to the DIP Lender a budget, which has been approved by the DIP Lender, attached to this Final Order as **Exhibit A**. The Approved Budget (defined herein) reflects, among other things, the Debtors' anticipated operating receipts, operating disbursements, non-operating disbursements, net operating cash flow, and liquidity for each calendar week covered thereby. The Approved Budget may be modified, amended, extended, and updated from time to time in accordance with the DIP Credit

Page 15
Debtors:       EEW American Offshore Structures Inc., *et al*.
Case No.:      26-13901 (JNP)
Caption:       Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief

Agreement, and, once approved by the DIP Lender, such modified, amended, extended, and/or updated budget shall supplement and replace the Initial Budget. Each subsequent budget, once approved by the DIP Lender in accordance with the DIP Credit Agreement, shall modify, replace, supplement or supersede, as applicable, the Initial Budget for the periods covered thereby (the Initial Budget and each subsequent approved budget, an "Approved Budget"). The Debtors believe that the Approved Budget is reasonable under the circumstances. In determining to extend postpetition financing under the DIP Documents, the Interim Order and this Final Order, the DIP Lender is relying, in part, upon the Debtors' agreement to comply with the Approved Budget (subject only to permitted variances), the Interim Order, this Final Order and the other DIP Documents.

(xii)    The Prepetition Secured Lender shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code and the "equities of the case" exception under section 552(b) of the Bankruptcy Code shall not apply to the Prepetition Secured Lender with respect to proceeds, product, offspring, or profits of any of the Prepetition Collateral.

J.    *Immediate Entry*. Sufficient cause exists for immediate entry of this Final Order pursuant to Bankruptcy Rules 4001(b)(2) and (c)(2). Absent the relief granted in the Interim Order and/or this Final Order, the Debtors' estates will be immediately and irreparably harmed. Consummation of the DIP Financing and continued use of Prepetition Collateral (including Cash Collateral), in accordance with the Interim Order, this Final Order and the DIP Documents, are

Page 16
Debtors:      EEW American Offshore Structures Inc., *et al*.
Case No.:     26-13901 (JNP)
Caption:      Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
              the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
              Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
              and (VI) Granting Related Relief

therefore in the best interests of the Debtors' estates. The Motion and the DIP Orders comply with

the requirements of Bankruptcy Local Rule 4001-3.

K.      Based upon the Motion, the foregoing findings of fact and conclusions of

law, and the overall record before the Court, and after due consideration, and good and sufficient

cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      *Motion Granted*. The Motion is granted on a final basis on the terms and subject to

the conditions set forth in this Final Order and in the DIP Documents. All objections to the Motion

to the extent not withdrawn, waived, settled, or resolved are hereby overruled on the merits. This

Final Order shall become effective immediately upon its entry.

2.      *Authorization of the DIP Financing and the DIP Documents.*

(a)      The Debtors and the DIP Lender are hereby authorized, and the automatic

stay imposed by section 362 of the Bankruptcy Code is hereby lifted to the extent necessary, to

execute, deliver, enter into and perform all of their obligations under the DIP Documents and

perform such other acts as may be necessary, appropriate or desirable in connection therewith,

subject to the terms of this Final Order and the DIP Documents. The Borrowers are hereby

authorized to borrow up to $6,500,000 in new money on an as needed basis pursuant to the DIP

Credit Agreement (plus any additional amounts due thereunder),[4] plus a rollup of Prepetition

---

[4] Within one (1) business day following the Debtors' draw of new money under the DIP Credit Agreement as
authorized by this Final Order, the Debtors shall provide notice (email being sufficient) of the amount of such draw
to (i) the U.S. Trustee, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey M. Sponder
(jeffrey.m.sponder@usdoj.gov), (ii) counsel to any statutorily appointed committee, and (iii) counsel to Paulsboro

Page 17
Debtors:      EEW American Offshore Structures Inc., *et al.*
Case No.:     26-13901 (JNP)
Caption:      Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
              the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
              Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
              and (VI) Granting Related Relief

Secured Obligations, on a dollar-for-dollar basis, equal to the new money advances under the DIP

Credit Agreement (the "Incremental Final Rolled-Up Loans" and, together with the Incremental

Interim Rolled-Up Loans, the "Incremental Rolled-Up Loans"), which shall constitute non-cash

advances under the DIP Credit Agreement. The proceeds of the DIP Loan shall be used solely for

the purposes permitted under the DIP Documents and the Final Order, subject to and in accordance

with the Approved Budget (subject to any permitted variances). The authorization of the

Incremental Rolled-Up Loan shall be subject to (i) the Carve Out and (ii) the reservation of rights

set forth in paragraph 17 of this Final Order and, in the event of a successful Challenge (as defined

herein), the Court may fashion any appropriate relief.

(b)      In furtherance of the foregoing and without further approval of this Court,

the Debtors and the DIP Lender are authorized and directed to perform all acts, to make, execute

and deliver all instruments, certificates, agreements, charges, deeds and documents, execute or

record pledge and security agreements, mortgages, financing statements and other similar

documents, if any, and to pay all indemnities in connection with or that may be reasonably

required, necessary, or desirable in connection with for the DIP Financing, including:

(i)      the execution and delivery of, and performance under, each of the

DIP Documents;

(ii)      the execution and delivery of, and performance under, one or more

amendments, waivers, consents or other modifications to and under the DIP Documents, in each

---

Waterfront Development, LLC, Stradley Ronon Stevens & Young, LLP, 457 Haddonfield, Rd., Suite 100, Cherry
Hill, NJ 08002, Attn: Daniel Pereira (dpereira@stradley.com).

Page 18
Debtors:        EEW American Offshore Structures Inc., *et al*.
Case No.:       26-13901 (JNP)
Caption:        Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
                the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
                Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
                and (VI) Granting Related Relief

case, in such form as the DIP Lender may accept, it being understood that no further approval of

this Court shall be required for any such amendments, waivers, consents or other modifications or

the payment of any other expenses, indemnities and other like obligations in connection therewith

that do not shorten the maturity of the DIP Facility, increase the aggregate commitments under the

DIP Credit Agreement, increase the rate of interest or fees payable thereunder, or release any DIP

Liens. Updates, modifications, and supplements to the Approved Budget shall not require any

further approval of this Court but shall be provided to the U.S. Trustee, the notices parties set forth

in FN 4 and any statutory committees appointed in these Chapter 11 Cases;

(iii)    the non-refundable payment to the DIP Lender of any fees

connection with the DIP Facility and any amounts due in respect of any indemnification and

expense reimbursement obligations, including, subject to the review procedures set forth in

paragraph 16 below, fees and expenses of professionals retained by the DIP Lender, in each case,

as provided and to the extent set forth in in the DIP Documents (collectively, the "DIP Fees and

Expenses"), without the need to file retention or fee applications; the payment of the foregoing

amounts shall be irrevocable, and shall be deemed to have been approved upon entry of this Final

Order, whether any such obligations arose before or after the Petition Date, and whether or not the

transactions contemplated hereby are consummated, and, upon payment thereof, shall not be

subject to any contest, attack, rejection, recoupment, reduction, defense, counterclaim, offset,

subordination, recharacterization, avoidance, disallowance, impairment, or other claim, cause of

action or other challenge of any nature under the Bankruptcy Code or applicable non-bankruptcy

law.

Page 19
Debtors:      EEW American Offshore Structures Inc., *et al.*
Case No.:     26-13901 (JNP)
Caption:      Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief

3.      *DIP Obligations*. Upon execution and delivery of the DIP Documents, the DIP Documents shall constitute legal, valid, binding and non-avoidable obligations of the Debtors, enforceable against each Debtor and its respective estate and any successors thereto, including any trustee appointed in these chapter 11 cases, or in any case under chapter 7 of the Bankruptcy Code upon conversion of any of these cases, or in any other proceedings superseding or related to any of the foregoing (collectively, the "Successor Cases"). Subject to the Challenge and rights set forth in paragraph 17 with respect to the Prepetition Secured Obligations, upon execution and delivery of the DIP Documents, the DIP Obligations shall include all loans and any other indebtedness or obligations, contingent or absolute, which may from time to time be owing by any of the Debtors to the DIP Lender, in each case, under the DIP Documents, the Interim Order, and this Final Order, including all DIP Fees and Expenses, indemnities and other amounts. The Debtors shall be jointly and severally liable for the DIP Obligations. Except as permitted hereby, including paragraph 17 below, no obligation, payment, transfer, or grant of security interest hereunder or under the DIP Documents to the DIP Lender shall be stayed, restrained, voidable, avoidable, or recoverable, under the Bankruptcy Code or under any applicable law (including under sections 502(d), 544, and 547 to 550 of the Bankruptcy Code or under any applicable state Uniform Voidable Transactions Act, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, or similar statute or common law), or subject to any defense, avoidance, reduction, setoff, recoupment, offset, recharacterization, subordination (whether equitable, contractual, or otherwise), disallowance, impairment, claim, counterclaim, cross-claim, or any other challenge under the Bankruptcy Code or any applicable law or regulation by any person or entity.

Page 20
Debtors:      EEW American Offshore Structures Inc., *et al*.
Case No.:     26-13901 (JNP)
Caption:      Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
              the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
              Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
              and (VI) Granting Related Relief

4.      *Carve-Out*.

(a)      As used in this Final Order, the "Carve Out" means the sum of (i) all fees

required to be paid to the Clerk of the Bankruptcy Court and to the Office of the United States

Trustee under section 1930(a) of title 28 of the United States Code plus interest at the statutory

rate (without regard to the notice set forth in (iii) below); (ii) all reasonable fees and expenses up

to $25,000 incurred by a trustee under Section 726(b) of the Bankruptcy Code (without regard to

the notice set forth in (iii) below); (iii) to the extent allowed at any time, up to an aggregate amount

not to exceed the amount set forth in the Approved Budget, whether by interim order, procedural

order, or otherwise (the "Allowed Borrower Professional Fees"), incurred by persons or firms

retained by either of the Borrowers pursuant to Sections 327, 328, or 363 of the Bankruptcy Code

(the "Borrower Professionals") at any time before or on the first business day following delivery

by the DIP Lender of a Carve-Out Trigger Notice (as defined below), whether allowed by the

Bankruptcy Court prior to or after delivery of a Carve-Out Trigger Notice; (iv) to the extent

allowed at any time, up to an aggregate amount not to exceed the amount set forth in the Approved

Budget, whether by interim order, procedural order, or otherwise, all unpaid fees and expenses

(the "Allowed Committee Professional Fees," and together with the Allowed Borrower

Professional Fees, the "Allowed Professional Fees") incurred by persons or firms retained by the

Creditors' Committee pursuant to Sections 327, 328 and 1103 of the Bankruptcy Code (the

"Committee Professionals" and, together with the Borrower Professionals, the "Professional

Persons") at any time before or on the first business day following delivery by the DIP Lender of

a Carve-Out Trigger Notice (as defined below), whether allowed by the Bankruptcy Court prior to

Page 21
Debtors:      EEW American Offshore Structures Inc., *et al*.
Case No.:     26-13901 (JNP)
Caption:      Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
              the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
              Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
              and (VI) Granting Related Relief

or after delivery of a Carve-Out Trigger Notice; and (v) Allowed Professional Fees of Professional

Persons in an aggregate amount not to exceed $75,000 incurred after the first business day

following delivery by the Lender of the Carve-Out Trigger Notice, to the extent allowed at any

time, whether by interim order, procedural order, or otherwise (the amounts set forth in this clause

(v) being the "Post-Carve Out Trigger Notice Cap").  For purposes of the foregoing, "Carve Out

Trigger Notice" shall mean a written notice delivered by email (or other electronic means) by the

DIP Lender to the Borrowers, its lead bankruptcy counsel, the U.S. Trustee, and any statutory

committees appointed in these Chapter 11 Cases (collectively, the "Carve Out Notice Parties"),

which notice may be delivered following the occurrence and during the continuation of an Event

of Default and acceleration of the Obligations, stating that the Post-Carve Out Trigger Notice Cap

has been invoked.  In the event a statutory committee is appointed, the committee's rights with

respect to the Carve-Out terms are preserved.

(b)      No Direct Obligation To Pay Allowed Professional Fees. Neither the DIP

Lender nor the Prepetition Secured Lender shall be responsible for the payment or reimbursement

of any fees or disbursements of any Professional Person incurred in connection with the Chapter

11 Cases or any successor cases under any chapter of the Bankruptcy Code. Nothing in the Interim

Order and/or this Final Order or otherwise shall be construed to obligate the DIP Lender or the

Prepetition Secured Lender, in any way, to pay compensation to, or to reimburse expenses of, any

Professional Person or to guarantee that the Debtors have sufficient funds to pay such

compensation or reimbursement.

Page 22
Debtors:      EEW American Offshore Structures Inc., *et al*.
Case No.:     26-13901 (JNP)
Caption:      Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
              the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
              Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
              and (VI) Granting Related Relief

(c)      Payment of Carve Out On or After the Carve-Out Trigger Notice. Any payment or reimbursement made on or after the occurrence of the Carve-Out Trigger Notice in respect of any Allowed Professional Fees shall permanently reduce the Carve Out on a dollar-for-dollar basis. Any funding of the Carve Out shall be added to, and made a part of, the DIP Obligations secured by the DIP Collateral and shall be otherwise entitled to the protections granted under the Interim Order, this Final Order, the DIP Documents, the Bankruptcy Code, and applicable law.

5.      *DIP Superpriority Claims*. Subject to the Challenge and rights set forth in paragraph 17 with respect to the Prepetition Secured Obligations and the Incremental Rolled-Up Loans, pursuant to section 364(c)(1) of the Bankruptcy Code, all of the DIP Obligations shall constitute allowed superpriority administrative expense claims against the Debtors on a joint and several basis (without the need to file any proof of claim) with priority over any and all claims against the Debtors, now existing or hereafter arising, of any kind whatsoever, including all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code and any and all administrative expenses or other claims arising under sections 105, 328, 330, 331, 365, 503(b), 506(c), 507(a) (other than section 507(a)(1)), and 507(b) of the Bankruptcy Code (including the Adequate Protection Obligations), whether or not such expenses or claims may become secured by a judgment lien or other non-consensual lien, levy or attachment, except for the Carve-Out (the "DIP Superpriority Claim"). The DIP Superpriority Claims shall be payable from all prepetition and postpetition property of the Debtors and all proceeds thereof (excluding claims and causes of action, including proceeds thereof, under sections 502(d), 544, 545, 547, 548 and 550 of the

Page 23
Debtors:     EEW American Offshore Structures Inc., *et al*.
Case No.:    26-13901 (JNP)
Caption:     Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
             the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
             Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
             and (VI) Granting Related Relief

Bankruptcy Code, or any other avoidance actions under the Bankruptcy Code (collectively, the

"Avoidance Actions")) but including any proceeds or property recovered as a result of any

Avoidance Actions, whether by judgment, settlement or otherwise (collectively, the "Avoidance

Proceeds"), subject only to the Carve-Out. The DIP Superpriority Claims shall be entitled to the

full protection of section 364(e) of the Bankruptcy Code to the extent provided therein in the event

that this Final Order or any provision hereof is vacated, reversed or modified, on appeal or

otherwise.

6.      *DIP Liens*. Subject to the Challenge and rights set forth in paragraph 17 with respect

to the Prepetition Secured Obligations and Incremental Rolled-Up Loans, as security for the DIP

Obligations, effective and automatically properly perfected on the date this Final Order is entered,

and without the necessity of execution, recordation or filing of any perfection document or

instrument, any Collateral, without any further action by the DIP Lender, the following valid,

binding, continuing, fully perfected, enforceable and non-avoidable DIP Liens are hereby granted

to the DIP Lender (all property identified in clauses (a) through (c) below being collectively

referred to as the "DIP Collateral") (collectively, without limitation, the "DIP Liens"):

(a)      *Liens on Unencumbered Property*. Subject to the Challenge and rights set

forth in paragraph 17 with respect to the Prepetition Secured Obligations and the Incremental

Rolled-Up Loans, pursuant to section 364(c)(2) of the Bankruptcy Code, subject only to the Carve-

Out, a first priority lien on and security interest in all tangible and intangible prepetition and

postpetition property of the Debtors, whether existing on the Petition Date or thereafter acquired,

and the proceeds, products, rents, and profits thereof, that, as of the Petition Date, is not subject to

Page 24
Debtors: EEW American Offshore Structures Inc., *et al.*
Case No.: 26-13901 (JNP)
Caption: Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief

(i) a valid, perfected and non-avoidable lien or (ii) a valid and non-avoidable lien in existence as of the Petition Date that is perfected subsequent to the Petition Date as permitted by section 546(b) of the Bankruptcy Code, other than the Avoidance Actions, but including the Avoidance Proceeds (collectively, the "Unencumbered Property").

(b) *Liens Priming Certain Prepetition Secured Parties' Liens*. Subject to the Challenge and rights set forth in paragraph 17 with respect to the Prepetition Secured Obligations and the Incremental Rolled-Up Loans, pursuant to section 364(d)(1) of the Bankruptcy Code, subject solely to the Carve-Out, a valid, binding, continuing, enforceable, fully-perfected first priority senior priming lien on, and security interest in, all tangible and intangible prepetition and postpetition property of the Debtors of the same nature, scope, and type as the Prepetition Collateral, wherever located (the "DIP Priming Liens"). Notwithstanding anything herein to the contrary, but subject in all respects to paragraph 17 with respect to the Prepetition Secured Obligations and Incremental Rolled-Up Loans, the DIP Priming Liens shall be (A) senior in all respects to the Prepetition Liens on the Prepetition Collateral, (B) senior to any Adequate Protection Liens, and (C) not subordinate to any lien, security interest or mortgage that is avoided and preserved for the benefit of the Debtors and their estates under section 551 of the Bankruptcy Code. The Prepetition Liens with respect to the Prepetition Collateral shall be primed by and made subject and subordinate to the DIP Priming Liens.

(c) *No Senior Liens.* The DIP Liens shall not be (i) subject or subordinate to or made *pari passu* with (A) any lien or security interest that is avoided and preserved for the benefit of the Debtors' estates under section 551 of the Bankruptcy Code, (B) unless otherwise provided

Page 25
Debtors:      EEW American Offshore Structures Inc., *et al.*
Case No.:     26-13901 (JNP)
Caption:      Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief

for in the DIP Documents, the Interim Order and/or in this Final Order, any liens or security interests arising after the Petition Date, including any liens or security interests granted in favor of any federal, state, municipal or other governmental unit (including any regulatory body), commission, board or court for any liability of the Debtors, or (C) any intercompany liens; or (ii) subordinated to or made *pari passu* with any other lien or security interest under section 363 or 364 of the Bankruptcy Code.

7.      Protection of DIP Lender's and Prepetition Secured Lender's Rights.

(a)      So long as any DIP Obligations are outstanding or the DIP Lender has any outstanding DIP Commitments, the Prepetition Secured Lender shall: (i) have no right to and shall take no action to foreclose upon, or recover in connection with, the liens granted thereto pursuant to the Prepetition Secured Note or the Prepetition Intercompany Loans, or the Interim Order or this Final Order, including the Adequate Protection Liens, or otherwise seek to exercise or enforce any rights or remedies against the DIP Collateral; (ii) be deemed to have consented to any transfer, disposition or sale of, or release of liens on, any DIP Collateral to the extent such transfer, disposition, sale or release is authorized under the DIP Documents; (iii) not file any financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments, or otherwise take any action to perfect their security interests in the DIP Collateral other than (x) to perfect the liens granted pursuant to the Interim Order and/or this Final Order, or (y) as may be required by applicable state or foreign law to complete a previously commenced process of perfection or to continue the perfection of valid and non-avoidable liens or security interests existing as of the Petition Date; and (iv) deliver or cause to be delivered, at the Debtors' cost and

Page 26
Debtors:    EEW American Offshore Structures Inc., *et al*.
Case No.:   26-13901 (JNP)
Caption:    Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief

expense, any termination statements, releases and/or assignments in favor of the DIP Lender or other documents necessary to effectuate and/or evidence the release, termination and/or assignment of liens on any portion of the DIP Collateral subject to any sale or disposition permitted by the DIP Documents, the Interim Order and this Final Order.

(b)     Except as set forth in clause (c) immediately below, to the extent any Prepetition Secured Lender has possession of, or control over, any Prepetition Collateral or DIP Collateral, or has been listed as a secured party on any certificate of title for a titled good constituting Prepetition Collateral or DIP Collateral, such Prepetition Secured Lender shall be deemed to have such possession or control or be so listed as a gratuitous bailee and/or gratuitous agent for the benefit of the DIP Lender, and such Prepetition Secured Lender shall comply with the instructions of the DIP Lender with respect to any of the foregoing.

(c)     Any proceeds of Prepetition Collateral received by any Prepetition Secured Lender, whether in connection with the exercise of any right or remedy (including setoff) relating to the Prepetition Collateral or otherwise, shall be segregated and held in trust for the benefit of the DIP Lender, and forthwith paid over to the DIP Lender in the same form as received, with any necessary endorsements, or as a court of competent jurisdiction may otherwise direct.

(d)     The Debtors shall not sell, transfer, lease, encumber or otherwise dispose of any portion of the DIP Collateral, except as otherwise permitted by the DIP Documents or an order of the Court.

(e)     Upon the occurrence and during the continuation of an Event of Default that has not been waived by the DIP Lender, the DIP Lender may, following delivery of written notice

Page 27
Debtors:    EEW American Offshore Structures Inc., *et al.*
Case No.:    26-13901 (JNP)
Caption:    Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
and (VI) Granting Related Relief

(a "Termination Notice"), which may be done by e-mail, on not less than ten (10) business days'

notice (such ten (10) business day period, the "DIP Remedies Notice Period") to counsel to the

Debtors, counsel to the Creditors' Committee (if appointed), and to the U.S. Trustee (the

"Remedies Notice Parties"), in each case without further notice to, hearing of, or order from this

Court: (a) immediately terminate and/or revoke the Debtors' right under the Interim Order, this

Final Order and any other DIP Documents to use Cash Collateral (subject to the provisions related

to the Carve-Out), (b) terminate the DIP Facility and any DIP Document as to any future liability

or obligation of the DIP Lender but without affecting any of the DIP Obligations or the DIP Liens;

and (c) declare all DIP Obligations to be immediately due and payable.  Any automatic stay

otherwise applicable to the foregoing, whether arising under sections 105 or 362 of the Bankruptcy

Code or otherwise, is hereby modified to the extent necessary to permit the DIP Lender to

effectuate the foregoing, *provided* that, during the DIP Remedies Notice Period, the Debtors, the

Creditors' Committee (if appointed) and/or any party in interest shall be entitled to seek an

emergency hearing with the Court for the purpose of contesting whether, in fact, an Event of

Default has occurred and is continuing or to obtain non-consensual use of Cash Collateral. Upon

delivery of a Termination Notice by the DIP Lender, without further notice or order of the Court,

the DIP Lender's and the Prepetition Secured Parties' consent to use Cash Collateral and the

Debtors' ability to incur additional DIP Obligations hereunder will, subject to the expiration of the

DIP Remedies Notice Period and unless the Court orders otherwise, automatically terminate and

the DIP Lender will have no further obligation to provide any DIP Loans or other financial

Page 28
Debtors:     EEW American Offshore Structures Inc., *et al*.
Case No.:    26-13901 (JNP)
Caption:     Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
             the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
             Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
             and (VI) Granting Related Relief

accommodations. As soon as reasonably practicable following receipt of a Termination Notice,
the Debtors shall file a copy of same on the docket.

(f)     Following an Event of Default (as defined in the DIP Documents) and the
delivery of the Termination Notice, but prior to exercising the remedies set forth in this sentence
below or any other remedies (other than those set forth in paragraph 7(e)), the DIP Lender shall be
required to file a motion with the Court seeking emergency relief (the "Stay Relief Motion") on
not less than five (5) business days' notice to the Remedies Notice Parties for an order of the Court
modifying the automatic stay in these Chapter 11 Cases to permit the DIP Lender to, subject to the
Carve-Out provisions: (a) freeze monies or balances in the Debtors' accounts; (b) immediately
setoff any and all amounts in accounts maintained by the Debtors with the DIP Lender or otherwise
controlled by the DIP Lender against the DIP Obligations; (c) enforce any and all rights against
the DIP Collateral, including foreclosure on all or any portion of the DIP Collateral, occupying the
Debtors' premises, sale or disposition of the DIP Collateral; and (d) take any other actions or
exercise any other rights or remedies permitted under the Interim Order, this Final Order, the DIP
Documents or applicable law. If the DIP Lender is permitted by the Court to take any enforcement
action with respect to the DIP Collateral following the hearing on the Stay Relief Motion, the
Debtors shall cooperate with the DIP Lender in their efforts to enforce their security interest in the
DIP Collateral, and shall not take or direct any entity to take any action designed or intended to
hinder or restrict in any respect the DIP Lender from enforcing such security interests. Until such
time that the Stay Relief Motion has been adjudicated by the Court, and subject to the other terms
of this Final Order, and subject further to any terms and conditions that the Court may impose, the

Page 29
Debtors:     EEW American Offshore Structures Inc., *et al*.
Case No.:    26-13901 (JNP)
Caption:     Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief

Debtors may use Cash Collateral and the proceeds of the DIP Facility to the extent drawn prior to the occurrence of the Event of Default to pay expenses necessary to avoid immediate and irreparable harm to the Debtors' estates set forth in the Approved Budget.

(g)       No rights, protections or remedies of the DIP Lender or the Prepetition Secured Lender granted by the Interim Order, this Final Order or the DIP Documents shall be limited, modified or impaired in any way by: (i) any actual or purported withdrawal of the consent to the Debtors' authority to continue to use Cash Collateral; (ii) any actual or purported termination of the Debtors' authority to continue to use Cash Collateral; or (iii) the terms of any other order or stipulation related to the Debtors' continued use of Cash Collateral or the provision of adequate protection to any party.

8.        *Limitation on Charging Expenses Against Collateral*. Except to the extent of the Carve-Out, no costs or expenses of administration of these cases or any Successor Cases or any proceeding that may result therefrom, including liquidation, shall be charged against or recovered from the DIP Collateral or Prepetition Collateral (in each case, including Cash Collateral) pursuant to section 506(c) of the Bankruptcy Code or any similar principle of law, without the prior written consent of the DIP Lender, and no consent shall be implied from any action, inaction or acquiescence by of the DIP Lender, and nothing contained in the Interim Order and/or this Final Order shall be deemed to be a consent by the DIP Lender to any charge, lien, assessment or claims against the Collateral (including Cash Collateral) under section 506(c) of the Bankruptcy Code or otherwise.

Page 30
Debtors:        EEW American Offshore Structures Inc., *et al*.
Case No.:       26-13901 (JNP)
Caption:        Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
                the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
                Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
                and (VI) Granting Related Relief

9.      *No Marshaling*. In no event shall the DIP Lender be subject to the doctrine of "marshaling" or any similar equitable doctrine with respect to the DIP Collateral, the DIP Obligations, the Prepetition Secured Obligations, or the Prepetition Collateral, as applicable; *provided* that, in the event of an enforcement of remedies in accordance with the terms of this Final Order, the DIP Lender and Prepetition Secured Lender shall use commercially reasonable efforts to first satisfy the DIP Superpriority Claim and 507(b) Claim from all DIP Collateral other than the proceeds of Avoidance Actions before seeking to recover from proceeds of Avoidance Actions Further, in no event shall the "equities of the case" exception in section 552(b) of the Bankruptcy Code apply to the Prepetition Secured Parties.

10.     *Payments Free and Clear*. Any and all payments made to the DIP Lender or Prepetition Secured Lender pursuant to the Interim Order or this Final Order, the DIP Documents or any subsequent order of the Court shall be irrevocable, received free and clear of any claim, charge, assessment or other liability, including any claim or charge arising out of or based on, directly or indirectly, sections 506(c) or 552(b) of the Bankruptcy Code, whether asserted or assessed by through or on behalf of the Debtors, *provided*, *however*, that the Incremental Rolled-Up Loan shall remain subject to the Challenge rights in paragraph 17 hereof.

11.     *Use of Cash Collateral*. The Debtors are hereby authorized, solely on the terms and subject to the conditions of the Interim Order, this Final Order and the DIP Documents, to use all Cash Collateral in accordance with the DIP Documents and Approved Budget (subject to permitted variances).

Page 31
Debtors:    EEW American Offshore Structures Inc., *et al*.
Case No.:   26-13901 (JNP)
Caption:    Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief

12.    *Adequate Protection of Prepetition Secured Parties*. Pursuant to sections 361, 362, 363(e), 364(d)(1) and 507 of the Bankruptcy Code, as adequate protection of their respective interests in the Prepetition Collateral (including Cash Collateral) to the extent of any diminution in value as an inducement to the Prepetition Secured Parties to consent to the priming of the Prepetition Liens and the use of their Cash Collateral as set forth in the Interim Order and/or this Final Order, the Prepetition Secured Parties are granted the following Adequate Protection, subject to the Carve-Out and to the Challenge rights in paragraph 17 hereof (collectively, the "Adequate Protection Obligations"):

(a)    *Prepetition Secured Parties' Adequate Protection Liens*. The Prepetition Secured Parties are hereby granted, effective and perfected upon entry of the Interim Order and/or this Final Order and without the necessity of the execution of any mortgages, security agreements, pledge agreements, financing statements or other agreements, a valid, perfected replacement security interest in and lien on account and to the extent of the Prepetition Secured Parties' Diminution in Value upon all of the DIP Collateral (the "Adequate Protection Liens"), which Adequate Protection Liens shall be (i) in the case of the Prepetition Collateral, senior to all other liens except the DIP Liens and the Carve-Out (to which they shall be junior, subject, and subordinate to), and (ii) in the case of Unencumbered Property, junior, subject, and subordinate to the Carve-Out and the DIP Liens.

(b)    *Prepetition Secured Parties' Section 507(b) Claim*. The Prepetition Secured Parties are hereby granted an allowed superpriority administrative expense claim under section 507(b) of the Bankruptcy Code against the Debtors on a joint and several basis (without the need

Page 32
Debtors:      EEW American Offshore Structures Inc., *et al*.
Case No.:     26-13901 (JNP)
Caption:      Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
              the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
              Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
              and (VI) Granting Related Relief

to file any proof of claim) on account of the Prepetition Secured Parties' Diminution in Value (the

"507(b) Claim"), which 507(b) Claim shall be payable from all DIP Collateral and all proceeds

thereof (excluding Avoidance Actions, but including the Avoidance Proceeds). The 507(b) Claim

shall be senior to all other claims against the Debtors, now existing or hereafter arising, of any

kind whatsoever, including all administrative expenses of the kind specified in sections 503(b) and

507(b) of the Bankruptcy Code, whether or not such claims may become secured by a judgment

lien or other non-consensual lien, levy or attachment, except for the Carve-Out and the DIP

Superpriority Claim.

13.     *Maintenance of Collateral*. The Debtors shall continue to maintain and insure the

Prepetition Collateral and DIP Collateral in amounts and for the risks, and by the entities, required

under the Prepetition Secured Note, the Prepetition Intercompany Loans, and the DIP Documents,

as applicable.

14.     Perfection of DIP Liens and Adequate Protection Liens.

(a)     Without in any way limiting the validity of the automatic perfection of the

DIP Liens and the Adequate Protection Liens under the terms of the Interim Order, this Final

Order, the DIP Lender and the Prepetition Secured Lender are hereby authorized, but not required,

to execute, in the name of the Debtors, as their true and lawful attorneys (with full power of

substitution, to the maximum extent permitted by law), and to file or record financing statements,

trademark filings, copyright filings, mortgages, notices of lien or similar perfection instruments in

any jurisdiction, including as may be reasonably required or deemed appropriate by the DIP

Lender) or take possession of certificated securities, or take any other similar action in a manner

Page 33
Debtors:     EEW American Offshore Structures Inc., *et al*.
Case No.:    26-13901 (JNP)
Caption:     Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief

not inconsistent herewith to document, validate or perfect the liens and security interests granted to them hereunder (the "Perfection Actions"). All Perfection Actions shall be deemed to have been taken on the entry of the Interim Order and/or this Final Order. The automatic stay shall be modified to the extent necessary to permit the DIP Lender to take any Perfection Action. For the avoidance of doubt, the DIP Liens and the Adequate Protection Liens shall be deemed valid, perfected, allowed, enforceable, non-avoidable, and not subject to challenge, dispute or subordination, at the time and on the date of entry of the Interim Order and/or this Final Order, whether or not the DIP Lenders or the Prepetition Secured Lender take any Perfection Actions, *provided*, *however*, that the Incremental Rolled-Up Loans and the Adequate Protection Liens shall remain subject to the Challenge rights in paragraph 17 hereof.

15.     Preservation of Rights Granted Under this Final Order.

(a)     Other than the claims and liens expressly granted or permitted by the Interim Order and/or this Final Order, including the Carve-Out, no claim or lien having a priority superior to or *pari passu* with those granted by the Interim Order and/or this Final Order shall be permitted while any of the DIP Obligations, DIP Commitments, or the Adequate Protection Obligations remain outstanding, and, except as otherwise expressly provided in or permitted under the Interim Order, this Final Order, the DIP Liens and the Adequate Protection Liens shall not be: (i) junior to any lien or security interest that is avoided and preserved for the benefit of the Debtors' estates under section 551 of the Bankruptcy Code; (ii) subordinated to or made *pari passu* with any other lien or security interest, whether under section 364(d) of the Bankruptcy Code or otherwise; (iii) subordinated to or made *pari passu* with any liens arising after the Petition Date

Page 34
Debtors:        EEW American Offshore Structures Inc., *et al*.
Case No.:       26-13901 (JNP)
Caption:        Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
                the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
                Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
                and (VI) Granting Related Relief

including any liens in favor of any federal, state, municipal or other domestic or foreign

governmental unit (including any regulatory body), commission, board or court for any liability of

the Debtors; or (iv) junior to any intercompany liens or intercompany interests of the Debtors.

(b)     Notwithstanding any order that may be entered dismissing any of these

Chapter 11 Cases under section 1112 of the Bankruptcy Code or converting any of these cases to

a Successor Case: (A) the DIP Superpriority Claim, the 507(b) Claim, the DIP Liens, and the

Adequate Protection Liens shall continue in full force and effect, shall maintain their priorities as

provided in the Interim Order and/or this Final Order, and shall remain binding on all parties in

interest until all DIP Obligations and Adequate Protection Obligations shall have been indefeasibly

paid in full and all DIP Commitments cancelled; (B) the other rights granted by the Interim Order

and/or this Final Order, including with respect to the Carve-Out, shall not be affected; and (C) this

Court shall retain jurisdiction, notwithstanding dismissal, for the purposes of enforcing the claims,

liens and security interests referred to in the Interim Order and/or this Final Order.

(c)     To the extent provided in section 362(e) of the Bankruptcy Code, if any or

all of the provisions of this Final Order are hereafter reversed, modified, vacated or stayed, such

reversal, modification, vacatur or stay shall not affect (i) the validity, priority or enforceability of

any DIP Obligations or Adequate Protection Obligations incurred prior to the actual receipt of

written notice by the DIP Lender of the effective date of such reversal, modification, vacatur or

stay; or (ii) the validity, priority and enforceability of the DIP Liens, the Adequate Protection

Liens, and the Carve-Out. To the extent provided in section 362(e) of the Bankruptcy Code,

notwithstanding any such reversal, modification, vacatur or stay, the DIP Obligations, DIP Liens,

Page 35
Debtors:      EEW American Offshore Structures Inc., *et al*.
Case No.:     26-13901 (JNP)
Caption:      Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
              the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
              Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
              and (VI) Granting Related Relief

Adequate Protection Obligations, Adequate Protection Liens, DIP Superpriority Claim, and the
507(b) Claim incurred prior to the actual receipt of written notice by the DIP Lender of the
effective date of such reversal, modification, vacatur or stay shall be governed in all respects by
the original provisions of this Final Order, and the DIP Lender and the Prepetition Secured Parties
shall be entitled to, and are hereby granted, all the rights, remedies, privileges and benefits arising
under sections 364(e) and 363(m) of the Bankruptcy Code, this Final Order, and the DIP
Documents.

(d) Except as expressly provided in this Final Order or in the DIP Documents,
the DIP Liens, the DIP Superpriority Claim, the Adequate Protection Liens, the 507(b) Claim and
all other rights and remedies of the DIP Lender and the Prepetition Secured Parties granted by this
Final Order and the DIP Documents, as well as the Carve-Out, shall survive, and shall not be
modified, impaired or discharged by the entry of an order (i) converting or dismissing any of these
cases, or terminating the joint administration of these cases; (ii) approving the sale of any DIP
Collateral pursuant to section 363(b) of the Bankruptcy Code; (iii) confirming a chapter 11 plan in
any of these cases. The terms and provisions of this Final Order and the DIP Documents shall
continue in in full force and effect in these cases and in any Successor Cases until all DIP
Obligations and Adequate Protection Obligations are indefeasibly paid in full in cash, as set forth
herein and in the DIP Documents, and the DIP Commitments are terminated. Any confirmation
order entered in these cases shall not discharge or otherwise affect in any way the joint and several
obligations of the Debtors to the DIP Lender under the DIP Documents, other than after the
payment in full and in cash of all DIP Obligations and the termination of the DIP Commitments.

Page 36
Debtors:        EEW American Offshore Structures Inc., *et al*.
Case No.:       26-13901 (JNP)
Caption:        Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
                the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
                Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
                and (VI) Granting Related Relief

16.     *Payment of Fees and Expenses*. Subject to the Challenge rights in paragraph 17

hereof, the Debtors are authorized and directed to pay the DIP Fees and Expenses as provided for

in this Final Order and the other DIP Documents. Subject to the review procedures set forth in this

paragraph, payment of the DIP Fees and Expenses shall not be subject to review or allowance by

the Court. Professionals for the DIP Lender shall not be required to file fee applications, *provided*,

*however*, that any time any such professionals seek payment of fees and expenses from the Debtors

prior to confirmation of a chapter 11 plan, such professional shall provide summary copies of its

invoices (including aggregate amounts of fees and expenses and total amount of time on a per-

professional basis), which are not required to contain time detail, but shall include a general, brief

description of the nature of the matters for which services were performed, and which may be

redacted, summarized, or modified to the extent necessary to delete any information subject to the

attorney-client privilege, any information constituting attorney work product, or any other

confidential information, to counsel to Debtors, counsel to the Creditors' Committee (if

appointed), and the U.S. Trustee (together, the "Review Parties"); provided, however, that (i) the

provision of such invoices shall not constitute a waiver of the attorney-client privilege or of any

benefits of the attorney work product doctrine or any other evidentiary privilege or protection

recognized under applicable law; and provided further that, the Debtors, U.S. Trustee and the

Creditors' Committee (if appointed) shall have the right to request additional details regarding the

services rendered and expenses incurred by such professionals (each, an "Information Request").

Any objections raised by any Review Party with respect to such invoices must be in writing and

state with particularity the grounds therefor and must be submitted to the applicable professional

Page 37
Debtors:      EEW American Offshore Structures Inc., *et al*.
Case No.:     26-13901 (JNP)
Caption:      Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
              the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
              Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
              and (VI) Granting Related Relief

within ten (10) business days after receipt (the "Review Period"), which shall not be extended by

the delivery of an Information Request. If no written objection is received by 12:00 p.m., prevailing

Eastern Time, on the last date of the Review Period, the Debtors shall pay such invoices within

five (5) business days. If an objection to a professional's invoice is received within the Review

Period, the Debtors shall promptly pay the undisputed amount of such invoice without the

necessity of filing formal fee applications, regardless of whether the invoiced amount arose or was

incurred before or after the Petition Date, and this Court shall have jurisdiction to determine the

disputed portion of such invoice if the parties are unable to resolve the dispute consensually.

Notwithstanding the foregoing, the Debtors are authorized and directed to pay, on or prior to the

Maturity Date (as defined in the DIP Credit Agreement) any costs, fees, expenses (including

reasonable and documented legal fees and expenses) and other compensation contemplated by the

DIP Documents. No attorney or advisor to the DIP Lender shall be required to file an application

with the Court seeking compensation for services or reimbursement of expenses.

17.      *Effect of Stipulations on Third Parties*. The Debtors' stipulations, admissions,

agreements and releases contained in this Final Order shall be binding upon the Debtors in all

circumstances and for all purposes. The Debtors' stipulations, admissions, agreements and releases

contained in this Final Order shall be binding upon all other parties in interest, including the

Creditors' Committee (if appointed) and any other person or entity acting or seeking to act on

behalf of the Debtors' estates, including any chapter 7 or chapter 11 trustee or examiner, in all

circumstances and for all purposes unless: (a) the Creditors' Committee (if appointed) or another

party in interest with requisite standing has filed and served, within the applicable Challenge

Page 38
Debtors: EEW American Offshore Structures Inc., *et al*.
Case No.: 26-13901 (JNP)
Caption: Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief

Period (as defined below), an adversary proceeding or contested matter (i) objecting to or challenging the amount, validity, perfection, enforceability, priority or extent of the Prepetition Secured Obligations or the Prepetition Liens, (ii) asserting or prosecuting any Avoidance Action or any other claims, counterclaims or causes of action, objections, contests or defenses, (iii) objecting to or challenging any of the Debtors' stipulations, admissions, agreements and releases contained in paragraph H hereof, or (iv) objecting to or challenging the Incremental Rolled-Up Loans (each, a "Challenge") against the Prepetition Secured Lender or their respective subsidiaries, affiliates, officers, directors, managers, principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives and other professionals and the respective successors and assigns thereof, in each case in their respective capacity as such (collectively, the "Representatives") in connection with or related to the Prepetition Secured Note, the Prepetition Intercompany Loans, the Prepetition Secured Obligations, the Prepetition Liens and the Prepetition Collateral and (b) a final non-appealable order is entered in favor of the plaintiff sustaining such Challenge. For the purposes of this paragraph, the "Challenge Period" shall be: (w) as to the Creditors' Committee, sixty (60) calendar days after the appointment of the Creditors' Committee; provided, however, that notwithstanding any appointment of a Creditors' Committee, Paulsboro Waterfront Development, LLC shall retain the right to file a Challenge within sixty (60) calendar days after entry of the Final Order, (x) if a chapter 7 or 11 trustee is appointed or elected prior to the end of the Challenge Period, solely for such trustee, the date that is the later of (i) seventy-five (75) calendar days after entry of the Interim Order, or (ii) the date that is thirty (30) calendar days after their appointment, (y) if no Creditors'

Page 39
Debtors:      EEW American Offshore Structures Inc., *et al*.
Case No.:     26-13901 (JNP)
Caption:      Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
              the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
              Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
              and (VI) Granting Related Relief

Committee is appointed, for all other parties in interest, sixty (60) calendar days after entry of the

Final Order, and (z) any such later date as has been ordered by the Court for cause upon within

any applicable period. Any pleading filed in connection with a Challenge shall set forth with

specificity the basis for such Challenge, and any Challenges not so specified prior to the expiration

of the applicable Challenge Period shall be deemed forever waived, released and barred. If no

Challenge is timely and properly filed or the Court does not rule in favor of the plaintiff in any

Challenge then: (1) the Debtors' stipulations, admissions, agreements and releases contained in

the Interim Order and/or this Final Order shall be binding on all parties in interest; (2) the

Prepetition Secured Obligations shall constitute allowed claims not subject to defense avoidance,

reduction, setoff, recoupment, recharacterization, subordination (whether equitable, contractual,

or otherwise), disallowance, impairment, counterclaim, cross-claim, or any other challenge under

the Bankruptcy Code or any applicable law or regulation by any person or entity for all purposes

in these cases and any Successor Case; (3) the Prepetition Liens shall be deemed to have been, as

of the Petition Date, legal, valid, binding, and perfected, not subject to defense, avoidance,

reduction, setoff, recoupment, recharacterization, subordination (whether equitable, contractual

(other than as provided in the Intercreditor Agreements), or otherwise), disallowance, impairment,

counterclaim, cross-claim, or any other challenge under the Bankruptcy Code or any applicable

law or regulation by any person or entity (collectively, the "Disputes"), and any such Disputes

shall be deemed forever waived, released and barred. For the avoidance of doubt, notwithstanding

anything else to the contrary in this Final Order, any chapter 7 or chapter 11 trustee appointed or

elected in the Debtors' cases shall, until the expiration of the period provided herein for asserting

Page 40
Debtors:        EEW American Offshore Structures Inc., *et al.*
Case No.:       26-13901 (JNP)
Caption:        Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
                the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
                Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
                and (VI) Granting Related Relief

Challenges, and thereafter for the duration of any adversary proceeding or contested matter

commenced pursuant to this paragraph (whether commenced by such trustee or commenced by

any other party in interest on behalf of the Debtors' estates), be deemed to be a party other than

the Debtors and shall not, for purposes of such adversary proceeding or contested matter, be bound

by the acknowledgments, admissions, confirmations, releases, and stipulations of the Debtors in

this Final Order. If any Challenge is filed during the Challenge Period, the stipulations, admissions,

agreements and releases contained in this Final Order shall nonetheless remain binding and

preclusive on each person or entity, except to the extent that such stipulations, admissions,

agreements and releases were expressly and successfully challenged in such Challenge as

determined in a final, non-appealable order of a court of competent jurisdiction. Nothing in this

Final Order vests or confers on any person or entity (each as defined in the Bankruptcy Code),

including any Creditors' Committee, standing to pursue any claim or cause of action belonging to

the Debtors or their estates, including any Challenge with respect to the Prepetition Secured Note,

the Prepetition Intercompany Loans, Prepetition Secured Obligations or Prepetition Liens.

*Provided*, *however*, that the Prepetition Secured Lender stipulates and agrees that the Prepetition

Secured Lender will not raise as a defense in connection with any Challenge the ability of creditors

to file derivative suits on behalf of limited liability companies under 18 Del. C. § 1002. If any

statutory committees appointed in these Chapter 11 Cases pursues or brings forth a Challenge, the

defendant of such Challenge shall not object on the grounds that the Creditors' Committee lacks

standing under 18 Del. C. § 1002. For the avoidance of doubt, as to the Debtors, upon entry of this

Final Order, all Challenges, and any right to assert any Challenge, are hereby irrevocably waived

Page 41

| | |
|---|---|
| Debtors: | EEW American Offshore Structures Inc., *et al*. |
| Case No.: | 26-13901 (JNP) |
| Caption: | Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief |

and relinquished as of the Petition Date, and the Debtors' Stipulations shall be binding in all respects on the Debtors irrespective of the filing of any Challenge.

18. *Limitation on Use of DIP Financing Proceeds and Collateral*. Notwithstanding any other provision of this Final Order or any other order entered by the Court, no DIP Loans, DIP Collateral, Prepetition Collateral (including, in each case, Cash Collateral) or any portion of the Carve-Out, may be used directly or indirectly, including through reimbursement of professional fees of any non-Debtor party, in connection with (a) the investigation, threatened initiation or prosecution of any claims, causes of action, adversary proceedings or other litigation (i) against any of the DIP Lender, the Prepetition Secured Lender, or their respective Representatives, or any action purporting to do the foregoing in respect of the DIP Obligations, DIP Liens, DIP Superpriority Claim, Prepetition Secured Obligations, Prepetition Liens, Adequate Protection Liens, or 507(b) Claim or (ii) challenging the amount, validity, perfection, priority or enforceability of or asserting any defense, counterclaim or offset with respect to the DIP Obligations or DIP Liens, the Prepetition Secured Obligations or Prepetition Liens, the DIP Documents, the Prepetition Secured Note, or the Prepetition Intercompany Loans, including, in the case of each (i) and (ii), for lender liability or pursuant to section 105, 510, 544, 547, 548, 549, 550 or 552 of the Bankruptcy Code, applicable non-bankruptcy law or otherwise (provided that, notwithstanding anything to the contrary herein, the proceeds of the DIP Loans and DIP Collateral (including Cash Collateral) may be used by the Creditors' Committee or a chapter 7 or chapter 11 trustee to investigate, but not to prosecute, (A) the claims and liens of the Prepetition Secured Lender and (B) potential claims, counterclaims, causes of action or defenses against the Prepetition

Page 42
Debtors:        EEW American Offshore Structures Inc., *et al*.
Case No.:       26-13901 (JNP)
Caption:        Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
                the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
                Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
                and (VI) Granting Related Relief

Secured Lender, up to an aggregate cap of no more than $10,000 (the "Investigation Cap");

*provided* that any fees or expenses of the Committee Professionals in excess of the Investigation

Cap shall not be entitled to administrative expense priority under section 503(b) of the Bankruptcy

Code or otherwise, (b) attempts to prevent, hinder, or otherwise delay or interfere with the

Prepetition Secured Lender's or the DIP Lender's, as applicable, enforcement or realization on the

Prepetition Secured Obligations, Prepetition Collateral, DIP Obligations, DIP Collateral, as

applicable, and the liens, claims and rights granted to such parties under the DIP Orders; (c)

attempts to seek to modify any of the rights and remedies granted to the Prepetition Secured Parties

or the DIP Secured Parties under this Final Order, the Prepetition Secured Note, the Prepetition

Intercompany Loans,  or the DIP Documents, as applicable, other than in accordance with this

Final Order; (d) to apply to the Court for authority to approve superpriority claims or grant liens

(other than the liens and claims permitted by the DIP Documents) that are senior to, or on parity

with, the DIP Liens, DIP Superpriority Claim, Adequate Protection Liens and 507(b) Claims; or

to pay or to seek to pay any amount on account of any claims arising prior to the Petition Date

unless such payments are authorized by the Court, agreed to in writing by the DIP Lender,

expressly permitted under this Final Order or under the DIP Documents (including the Approved

Budget, subject to permitted variances), in each case unless all DIP Obligations, Prepetition

Secured Obligations, Adequate Protection Obligations, and claims granted to the DIP Lender and

the Prepetition Secured Parties under this Final Order, have been paid in full in cash and all DIP

Commitments have been terminated or otherwise agreed to in writing by the DIP Lender.

Page 43
Debtors:     EEW American Offshore Structures Inc., *et al*.
Case No.:    26-13901 (JNP)
Caption:     Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
             the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
             Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
             and (VI) Granting Related Relief

19.     *Binding Effect; Successors and Assigns*. Subject to paragraph 17, the DIP Documents and the provisions of this Final Order, including all findings herein, shall be binding upon all parties in interest in these cases, including the DIP Lender, the Prepetition Secured Lender, any statutory or non-statutory committees appointed or formed in these cases, any chapter 7 or chapter 11 trustee appointed or elected for the estate of any Debtor, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of any Debtor or with respect to the property of any Debtor's estate) and shall inure to the benefit of the DIP Lender, the Prepetition Secured Lender, the Debtors, and their respective successors and assigns; *provided* that the DIP Lender and the Prepetition Secured Lender shall have no obligation to permit the use of the Prepetition Collateral (including Cash Collateral) by, or to extend any financing to, any chapter 7 trustee or chapter 11 trustee or similar responsible person. For the avoidance of doubt, notwithstanding the foregoing, the DIP Documents and the provisions of this Final Order, including all stipulations and findings herein, shall be binding on the Debtors and their respective successors and assigns (other than a chapter 7 or 11 trustee during the Challenge Period) immediately upon entry of this Final Order.

20.     Nothing in this Final Order, the DIP Documents, the Prepetition Secured Note, the Prepetition Intercompany Loans, or any other documents related to the transactions contemplated hereby shall in any way be construed or interpreted to impose or allow the imposition upon the DIP Lender or Prepetition Secured Lender any liability for any claims arising from the prepetition or postpetition activities of the Debtors in the operation of their businesses, or in connection with their restructuring efforts. The DIP Lender and Prepetition Secured Lender shall not, in any way

Page 44
Debtors:      EEW American Offshore Structures Inc., *et al*.
Case No.:     26-13901 (JNP)
Caption:      Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
              the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
              Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
              and (VI) Granting Related Relief

or manner, be liable or responsible for (i) the safekeeping of the DIP Collateral or Prepetition

Collateral, (ii) any loss or damage thereto occurring or arising in any manner or fashion from any

cause, (iii) any diminution in the value thereof or (iv) any act or default of any carrier, servicer,

bailee, custodian, forwarding agency or other person, and all risk of loss, damage or destruction of

the DIP Collateral or Prepetition Collateral shall be borne by the Debtors.

21.      *Limitation of Liability*. In determining to make any loan or other extension of credit

under the DIP Documents, or to permit the use of the DIP Collateral or Prepetition Collateral

(including Cash Collateral), neither the DIP Lender nor Prepetition Secured Lender shall (a) have

any liability to any third party or be deemed to be in "control" of the Debtors' operations by virtue

of making the DIP Loans; (b) owe any fiduciary duty to the Debtors, their respective creditors,

shareholders or estates; or (c) be deemed to be acting as a "responsible person" or "owner" or

"operator" or "managing agent" with respect to the operation or management of any of the Debtors

(as such terms or similar terms are used in the United States Comprehensive Environmental

Response, Compensation and Liability Act, 42 U.S.C. §§ 9601, *et seq.*, as amended, or any other

federal or state statute, including the Internal Revenue Code). Furthermore, nothing in this Final

Order shall in any way be construed or interpreted to impose or allow the imposition upon the DIP

Lender or Prepetition Secured Lender of any liability for any claims arising from the prepetition

or postpetition activities of any of the Debtors and their respective Representatives.

22.      *Proofs of Claim*. The Prepetition Secured Lender shall not be required to file proofs

of claim in these cases or any Successor Cases in order to assert claims for payment of the

Prepetition Secured Obligations. The description of the claims and liens in respect of the

Page 45
Debtors:        EEW American Offshore Structures Inc., *et al*.
Case No.:       26-13901 (JNP)
Caption:        Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
                the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
                Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
                and (VI) Granting Related Relief

Prepetition Secured Obligations set forth in this Final Order shall be deemed to constitute proofs

of claim in respect of such claims and their secured status. The DIP Lender shall not be required

to file a proof of claim with respect to the DIP Obligations.

23.     *Milestones*. The Debtors shall comply with the following covenants and milestones

in accordance with the dates indicated below, or any later date approved by the DIP Lender in its

sole discretion (collectively, the "Milestones" and each a "Milestone"):

(a)     as soon as practicable, but in no event later than the date that is seven (7)

calendar days after the Petition Date, the Court shall have entered the Interim DIP Order;

(b)     as soon as practicable, but in no event later than a date that is twenty-eight

(28) calendar days after the Petition Date, the Court shall have entered an order in form and

substance reasonably acceptable to the DIP Lender, approving bidding and auction procedures

with respect to the sale by the Debtors of any, all or substantially all of the Debtors assets (the

"Bidding Procedures Order");

(c)     as soon as practicable, but in no event later than the date that is twenty-eight

(28) calendar days after the Petition Date, the Court shall have entered the Final DIP Order;

(d)     as soon as practicable, but in no event later than the date that is seventy-five

(75) days after the Petition Date, the Debtors shall conduct an auction for all or substantially all of

their assets pursuant to the Bidding Procedures Order;

(e)     as soon as practicable, but in no event later than the date that is ninety (90)

days after the Petition Date, the Court shall have entered an order or orders approving the sale(s)

of all or substantially all of the Debtors' assets;

Page 46
Debtors:     EEW American Offshore Structures Inc., *et al*.
Case No.:    26-13901 (JNP)
Caption:     Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief

(f)     as soon as practicable, but in no event later than the date that is one hundred twenty (120) calendar days after the Petition Date, the Court shall have entered an order for conditional approval of the Debtors' combined chapter 11 plan and disclosure statement; and

(g)     as soon as practicable, but in no event later than the date that is one hundred fifty (150) calendar days after the Petition Date, the Court shall have entered an order confirming the Debtors' combined chapter 11 plan and disclosure statement.

24.     *Credit Bidding*. Subject to (i) section 363(k) of the Bankruptcy Code and (ii) solely with respect to the Prepetition Secured Obligations and Incremental Rolled-Up Loans, paragraph 17, without need for further Court order authorizing the same, the DIP Lender shall have the right to credit bid as part of any asset sale process or plan sponsorship process and shall have the right to credit bid the full amount of its claims during any sale of the Debtors' assets (in whole or in part), whether any such sale is effectuated through section 363, 1123 or 1129(b) of the Bankruptcy Code, by a chapter 7 trustee under section 725 of the Bankruptcy Code or otherwise; provided, that such relief will be binding on the Debtors' chapter 11 estate(s) and all parties in interest.

25.     *Effectiveness*. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, or 9014 of the Bankruptcy Rules or any Local Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Final Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Final Order.

26.     *Governing Order*. Except as specifically amended, superseded, or modified hereby, the provisions of the Interim Order and any actions taken by the Debtors or the DIP Lender in accordance therewith shall remain in effect and are hereby ratified by this Final Order. To the

Page 47
Debtors:     EEW American Offshore Structures Inc., *et al.*
Case No.:    26-13901 (JNP)
Caption:     Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
and (VI) Granting Related Relief

extent of any conflict between or among (i) the express terms or provisions of any of the Interim

Order, the DIP Credit Agreement, the other DIP Documents, the Motion, or any other agreements,

on the one hand, and (ii) the terms and provisions of this Final Order, on the other hand, unless

such term or provision herein is phrased in terms of "defined in" or "as set forth in" the other DIP

Documents, the terms and provisions of this Final Order shall govern and control.

27.     *Headings*. Paragraph headings used herein are for convenience only and shall not

affect the construction of, or to be taken into consideration in interpreting, this Final Order.

28.     The use of the terms "include", "includes", or "including" in this Final Order is not

limiting regardless of whether it is expressly stated.

29.     *Bankruptcy Rules*. The requirements of Bankruptcy Rules 4001, 6003 and 6004, in

each case to the extent applicable, are satisfied by the contents of the Motion.

30.     *No Third Party Rights*. Except as explicitly provided for herein, this Final Order

does not create any rights for the benefit of any third party, creditor, equity holder or any direct,

indirect or incidental beneficiary.

31.     *Necessary Action*. The Debtors, the DIP Lender, and the Prepetition Secured

Lender are authorized to take all reasonable actions as are necessary or appropriate to implement

the terms of this Final Order.

32.     *Retention of Jurisdiction*. This Court shall retain jurisdiction to enforce the

provisions of this Final Order, and this retention of jurisdiction shall survive the confirmation and

consummation of any chapter 11 plan for any one or more of the Debtors notwithstanding the

terms or provisions of any such chapter 11 plan or any order confirming any such chapter 11 plan.

Page 48
Debtors:       EEW American Offshore Structures Inc., *et al*.
Case No.:      26-13901 (JNP)
Caption:       Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing
               the Debtors to Use Cash Collateral, (III) Granting Liens and Superpriority Administrative
               Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay,
               and (VI) Granting Related Relief

33.     The Debtors shall promptly serve copies of this Final Order on the parties that were

given notice of the Hearings and to any party that has filed with this Court a request for notices in

these cases.